UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KEITH RUSSELL JUDD,        )
                                     )
        Plaintiff,        )
                                     )
        v.                 )      Civil Action No. **08 1290**
                                     )
                                   )
FEDERAL ELECTION COMMISSION,  )
                                   )
        Defendant.      )

## MEMORANDUM OPINION

Plaintiff is a prisoner incarcerated in the Federal Correctional Complex in Beaumont, Texas who has filed a *pro se* complaint against the Federal Elections Commission ("FEC"). Plaintiff has prepaid the filing fee in full.[1] He originally filed this case in the United States District Court for the Eastern District of Texas, then moved for it to be transferred to this court. When his motion was granted, he appealed the order. After the appeal was dismissed by the Court of Appeals for the Fifth Circuit, the district court issued an order transferring the case to this district. Pursuant to the court's obligations under 28 U.S.C. § 1915A, the court will dismiss the complaint as frivolous and deny as moot the "brief in support temporary injunction of all states' presidential primary democratic elections . . . ." submitted by plaintiff.

Plaintiff believes he is "an active major Democratic Candidate for Office of the President of the United States." (Compl. at 1.) He asserts that he is "eligible for Presidential Election

---

[1] Plaintiff is barred by 28 U.S.C. §1915(g) from filing *in forma pauperis.* In addition, the Courts of Appeals for the D.C. Circuit, the Fifth Circuit, the Tenth Circuit, and the Federal Circuit, as well as the United States Supreme Court, have all imposed filing restrictions on plaintiff for his abusive filing history. *See Judd v. Univ. of New Mexico,* 204 F.3d 1041 (10th Cir. 2000); *Judd. v. U.S. Dist. Court for the Western Dist. of Texas,* 183 Fed. Appx. 970 (Fed. Cir. 2006).



2

Primary Matching Funds, from the Federal Election Commission." (*Id.* at 2.) He vaguely complains that the FEC Act's requirement to keep records of campaign contributions is not reasonable. (*Id.* at 11). He also states that the Federal Election Commission "refuses to communicate with [him] by U.S. Mail" (*id.* at 21), but appends a letter from the FEC dated September 14, 2007 in which the FEC explains which of the criteria for federal matching funds plaintiff has not met.[2] Plaintiff also states that he "does not have any conviction for a felony," (*id.* at 2), an assertion that does not square with reality. "Keith Judd was found guilty by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value. *See* 18 U.S.C. § 876. He was sentenced to 210 months' imprisonment, three years of supervised release, restitution to the victim in the amount of $20,000, and a special assessment of $200." *U.S. v. Judd*, 252 F.3d 345 (5th Cir. 2001) (denying on the merits plaintiff's appeal from his criminal conviction in Criminal Action No. 98-CR-93-ALL (W.D. Tex.)). Much of his 21-page complaint discusses various provisions of the Constitution, the national debt, bank secrecy laws, and Hillary Rodham Clinton's campaign finances. Appended to the complaint is a letter from the U.S. Senate Ethics Committee, declining to investigate Senator Clinton for allegedly using her influence and office to retaliate against plaintiff for his campaign for president.

Plaintiff seeks a declaratory judgment that the Federal Election Campaign Act is unconstitutional insofar as it (a) requires him to file monthly finance reports, (b) does not have a committee to elect the Vice President of the United States, (c) "confines the Committee to Elect to an Organization that is not a product of FREE EXPRESSION [sic]," (d) violates the Takings Clause of the Fifth Amendment "by requiring pay-backs, and fines for non-filers or late filers

---

[2] He also subsequently filed another letter from the FEC, dated February 20, 2008, advising plaintiff of a filing deadline for the reporting requirements.

-3-

without due process of law." (Compl. at 20-21.)  He also seeks injunctive relief that would restrict the FEC to "only execute the requirements and restrictions provided for in the UNITED STATES CONSTITUTION." (*Id.* at 21.)

The complaint presents the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994).  Therefore, the complaint will be dismissed and the motion to enjoin the state primary elections will be denied as moot.

A separate Order of dismissal accompanies this Memorandum Opinion.

Date:  7/22/08

United States District Judge